UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant. | Case No: 4:24-cv-01129 <br><br> COMPLAINT |

**PLAINTIFF MSC MEDITERRANEAN SHIPPING COMPANY S.A.'S ORIGINAL COMPLAINT**

Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC" or "Plaintiff"), by counsel, files this its Complaint against Defendant BNSF RAILWAY COMPANY ("BNSF" or "Defendant"), alleges upon information and belief as follows:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 1331, since this case arises in admiralty and is governed, in whole or in part, by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, formerly 46 U.S.C. § 1300 et seq. ("COGSA").

2. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as BNSF resides in this judicial district.

4.   Venue is also proper in this judicial district as BNSF operates, controls, leases, or owns a railroad or a route within this judicial district and therefore resides within this judicial district within the meaning of 28 U.S.C. § 1391(c)(2).

## II.
## PARTIES

5.   Plaintiff MSC was and is a foreign corporation organized and existing under the laws of Switzerland with its principal place of business located at 12-14 Chemin Rieu, 1208, Geneva, Switzerland and at all relevant times was and is doing business as an ocean transportation common carrier in the United States.

6.   Defendant BNSF was and is a corporation organized and existing under the laws of the state of Delaware, with a principal executive office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the freight-rail-transportation business as a common carrier of goods by rail for hire, with a registered agent located in the State of Texas. Defendant BNSF may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

## III.
## FACTS

7.   On or about August 11, 2022, MSC, acting as a vessel-owning common carrier, issued MSC Sea Waybill No. MEDUP9956517 ("MSC Waybill") for the shipment of cartons of vacuum cleaners ("Cargo") loaded in container no. MSDU8028703 (the "Container") from Tanjung Pelepas, Malaysia to Chicago, Illinois.

8.   Pursuant to the MSC Waybill, MSC undertook to transport (or arrange for transportation of) the Container and Cargo from Tanjung Pelepas, Malaysia to Chicago, Illinois.

9. MSC carried the Container and Cargo from Tanjung Pelepas, Malaysia to the Port of Oakland, California, and then tendered the Container and Cargo to its subcontractor, BNSF, for the portion of the shipment from Oakland, California to Chicago, Illinois.

10. On or around July 13, 2022, the Container departed Tanjung Pelepas, Malaysia and arrived in the Port of Oakland on or around September 14, 2022.

11. BNSF accepted the Container and Cargo in Oakland, California, and, agreed to transport and carry said Container and Cargo from Oakland, California to Chicago, Illinois, there to be delivered in like good order and condition at the BNSF Chicago Rail Ramp.

12. After BNSF accepted the Container and cargo on October 21, 2022, the Container was loaded onto a BNSF train in the Port of Oakland, California and it arrived at the BNSF Rail Ramp and was unloaded in Chicago, Illinois on November 1, 2022. Whilst in the custody and possession of BNSF, the Cargo in the Container was pilfered (the "Incident").

13. Dyson, Inc. ("Dyson"), the owner of the Cargo, filed an action in the United States District Court for the Central District of California, case no. 2:23-cv-06120, which was transferred to the United States District Court for the Southern District of New York, case no. 1:23-cv-08684-LLS, seeking recovery for the pilfered Cargo in the United States District Court for the Southern District of New York against Kuehne + Nagel Inc ("K+N"), the freight forwarder (the "Action"). The total damages claimed were US$362,938.74 plus pre-judgment interest and costs.

14. K+N, the named consignee under the MSC Waybill, filed a third-party complaint in the Action against MSC, tendering Dyson's claim to MSC under Federal Rule of Civil Procedure 14(c), and seeking indemnity for all damages sought by Dyson against K+N for the Claim ("Third-Party Claim").

15. As a result of Incident, BNSF failed to make delivery of the Cargo, in like good order and condition.

16. BNSF's failure to deliver the Cargo and/or failure to deliver the Cargo in like good order and condition was in violation of the obligations and duties of common carriers of merchandise by rail for hire, including BNSF's failure to perform services with respect to the Container, as well as the Cargo in a careful, workmanlike matter; its failure and/or negligence to properly inspect, supervise, and safeguard the Container and Cargo, and its failure to hire and train employees.

17. Due to BNSF's failure to deliver the Cargo in like good order and condition, MSC attracted liability under the MSC Waybill for the Action (as BNSF was MSC's subcontractor for the rail leg of the shipment). MSC resolved the Action for US$150,000 and paid that sum on October 30, 2024.

18. As of the date of this filing, BNSF has failed to pay or otherwise satisfy any portion of MSC's claim.

19. MSC is informed, believes and thereon alleges that the damage sustained to Dyson, which MSC was required to pay in settlement of the Action, was not based on the acts or omissions of MSC, but was due solely to the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF.

20. MSC is informed, believes and thereon alleges that in the years immediately preceding the Incident, BNSF had constructive and actual notice of a dramatic increase in the rate of attempted and successful thefts of cargo from containers occurring on BNSF property, including its warehouses, railheads, tracks, and depots located in Oakland and Chicago, and yet failed to undertake reasonable efforts to prevent, deter, or mitigate future thefts.

21. Prior to the Incident, BNSF failed to undertake reasonable and appropriate procedures to prevent the risk of thefts of cargo from containers occurring on its property, including by implementing appropriate safety, security, and theft-prevention policies and procedures, as well as by utilizing appropriate technology (including but not limited to surveillance equipment, drones, and locking devices), manpower, security personnel, additional BNSF Police and other resources.

22. BNSF accepted the Container from MSC with actual and subjective knowledge that it had substandard safety, security and theft-prevention policies and procedures, as well as inadequate technology, manpower, facilities, equipment, and security personnel to prevent the theft of the cargoes from occurring while the Container was within its care, custody, and control.

23. BNSF accepted the Container from MSC with disregard for the high probability that a theft of the Cargo would occur while the Container was within BNSF's care, custody, and control, and failed to warn or advise MSC in advance of such risk. BNSF therefore acted with conscious indifference to the rights, safety, or welfare of others.

24. BNSF accepted the Container from MSC with conscious indifference of its knowledge that there was a high probability that a theft of the Cargo would occur while the Container was within its care, custody, and control.

25. BNSF transported the Container with reckless disregard of the risk that the Cargo in the Container would be stolen while the Container was within BNSF's care, custody, and control, either in Oakland, California or Chicago, Illinois and/or in points in between.

26. Consequently, MSC is entitled to recover damages from BNSF in an amount to be proven at trial (but not less than US$150,000.00) plus interest and costs.

## IV.
## FIRST CAUSE OF ACTION

## EQUITABLE INDEMNIFICATION

27. MSC incorporates paragraphs 1 - 26 as though fully set forth herein.

28. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Dyson alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Dyson alleged in the Action against MSC, and which MSC settled.

29. As MSC settled Dyson's claim in the Action for US$150,000.00, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of MSC, if any, was at most only passive, derivative, and secondary.

30. MSC is entitled to total equitable indemnification from BNSF such that MSC can recoup from and be reimbursed by BNSF all sums that MSC paid to Dyson and/or its other damages.

31. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein, MSC has incurred and paid expenses for its defense of Dyson's and the Action including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

32. Based on the foregoing, MSC is entitled to be indemnified and held harmless by BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein. The above expenses are continuing and

in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## V.
## SECOND CAUSE OF ACTION

### CONTRIBUTION

33. MSC incorporates paragraphs 1 - 32 as though fully set forth herein.

34. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Dyson alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Dyson alleged in the Action against MSC, and which MSC settled.

35. As MSC settled Dyson's claim in the Action for US$150,000.00, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein was a substantial factor causing the losses or damages which Dyson alleged in the Action against MSC, and which MSC settled.

36. Based on the foregoing allegations, MSC will be damaged to the extent that it was required pay any sums over its proportionate share of liability, if any, as the trier of fact may assess.

37. MSC is entitled to contribution from BNSF such that MSC can recoup from and be reimbursed by BNSF all sums that MSC paid to Dyson, being any sum in excess of MSC's proportionate share of liability, if any.

38. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein, MSC has incurred and paid expenses for its defense of Dyson's claim in the Action including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

39. Based on the foregoing, MSC is entitled to contribution from BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## VI.
## DEMAND FOR JURY TRIAL

40. Plaintiff hereby demands a jury trial on all issues as to which a jury is available pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE,** MSC prays for judgment on its Complaint as follows:

1. For equitable indemnity from BNSF for all costs, fees, expenses, liability, damages, and sums including US$150,000.00 in damages MSC paid Dyson, together with legal defense costs incurred, and all costs and fees that MSC incurs or has incurred in this action;

2. For contribution from BNSF for all costs, fees, expenses, liability, damages, and sums including US$150,000.00 in damages MSC paid Dyson, together with legal defense costs incurred, and all costs and fees that MSC incurs or has incurred in this action, in excess of MSC's proportionate share of liability, if any;

3. For prejudgment interest as permitted by law;

4. For all costs of suit herein as permitted by law;

5. For reasonable attorney's fees incurred as permitted by law; and

6. For such other and further relief as the Court deems just and proper.

Dated: November 18, 2024     By: */s/ Andrew M. Scott*
   **Andrew M. Scott**
   Attorney-in-Charge
   Texas Bar No.: 24075042
   ascott@grsm.com
   1900 West Loop South, Suite 1000
   Houston, Texas 77027
   (713) 961-3366 – Telephone
   (713) 961-3938 – Facsimile

   **ATTORNEYS FOR PLAINTIFF**
   **MSC MEDITERRANEAN SHIPPING**
   **COMPANY S.A.**

**OF COUNSEL:**

**GORDON & REES, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961.3366

9